IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORIA HERNANDEZ,                     No. CIV S-04-1747 GEB PAN (JFM)

    Plaintiff,

vs.

STEVE MARTINEZ,[1]                      FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

    Plaintiff's motion for entry of default judgment against defendants, filed February 15, 2005, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    Plaintiff initiated this action under Title III of the Americans with Disabilities Act by filing her complaint on August 24, 2004. Plaintiff's complaint seeks damages and injunctive relief from defendant Steve Martinez for his failure to provide a disabled accessible parking space at the convenience store "Fast Stop," located at 5601 Wilkinson Street, Sacramento, California. The summons and complaint were personally served on defendant Martinez on October 12, 2004. Fed. R. Civ. P. 4(e)(1). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir.

---

[1] Defendants Jackie Martinez and Garcia Family Revocable Trust were dismissed by plaintiff on December 28, 2004. The district court amended the caption to remove these defendants in its May 17, 2005 order.

1

1   1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or
2   otherwise appear in this action.  On December 29, 2004, the clerk entered default against defendant
3   Steve Martinez.

4   Notice of the motion for default judgment and supporting papers were served on
5   defendant at his last known address on February 14, 2005.  Defendant has not appeared in this action
6   and has filed no opposition to the motion for entry of default judgment.

7   Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default
8   judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as
9   true, while allegations regarding the amount of damages must be proven.  <u>Dundee Cement Co. v.</u>
10  <u>Howard Pipe & Concrete Products</u>, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing <u>Geddes v. United Fin.</u>
11  <u>Group</u>, 559 F.2d 557 (9th Cir. 1977)); <u>see also</u> <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917
12  (9th Cir. 1987).  Where damages are liquidated (i.e., capable of ascertainment from definite figures
13  contained in the documentary evidence or in detailed affidavits), judgment by default may be entered
14  without a damages hearing.  <u>See</u> <u>Dundee</u>, 722 F.2d at 1323.  Unliquidated and punitive damages,
15  however, require "proving up" at an evidentiary hearing or through other means.  <u>Dundee</u>, 722 F.2d at
16  1323-24; <u>see</u> <u>also</u> <u>James v. Frame</u>, 6 F.3d 307, 310 (5th Cir. 1993).

17  Granting or denying default judgment is within the court's sound discretion, <u>see</u> <u>Draper</u>
18  <u>v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a
19  variety of factors in exercising that discretion, <u>see</u> <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.
20  1986).  The court may consider such factors as:

21  > (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
      > substantive claim, (3) the sufficiency of the complaint, (4) the sum of
22  > money at stake in the action, (5) the possibility of a dispute concerning
      > material facts, (6) whether the default was due to excusable neglect, and
23  > (7) the strong policy underlying the Federal Rules of Civil Procedure
      > favoring decisions on the merits.
24

25  <u>Eitel</u>, 782 F.2d at 1471-72 (citing 6 <u>Moore's Federal Practice</u>, ¶ 55-05[2], at 55-24 to 55-26).
26  /////

According to the complaint, plaintiff is a person with a disability under the ADA and requires the use of a wheelchair. Defendant owns a convenience store "Fast Stop," located at 5601 Wilkinson Street, Sacramento, California., which does not have a van-accessible parking space or an accessible path of travel from the access aisle of any such parking space to the store's sidewalk. Plaintiff attempted to patronize defendant's store on June 26, 2003, but did not patronize it because there were no accessible parking spaces in the parking lot, which was a barrier to plaintiff. She desires that the barriers be removed so she can patronize the business in the future. The complaint alleges causes of action under Title III of the ADA and California's Unruh Act. It prays for the removal of the barriers in accordance with the ADA, damages pursuant to the Unruh Act, and reasonable attorney fees and costs.

Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned finds that default judgment against defendant is appropriate. Defendant has made no showing that his failure to respond to the complaint is due to excusable neglect. There is no reason to doubt the merits of plaintiff's substantive claims, nor is there any apparent possibility of a dispute concerning the material facts underlying the action. Through the instant motion, plaintiff seeks straightforward injunctive relief and an award of damages of $4,000.00 (the minimum established under the California stature). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the documents filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). Because each of these factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted.

After determining that entry of default judgment is warranted, this court must next determine the terms of the judgment. Consistent with the allegations and prayer in the complaint, plaintiff seeks the installation of a van-accessible parking space and an accessible path of travel from

the access aisle of that van-accessible parking space to the store's sidewalk.  Plaintiff is entitled to the requested injunctive relief.  See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA -- only injunctive relief is available for violations of Title III.").  Plaintiff also is entitled to the requested $4,000.00 in damages under the state law cause of action.  See Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005)(the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination").[2]

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's February 15, 2005 motion for entry of default judgment be GRANTED.  A proposed judgment was filed by plaintiff on February 14, 2005 (docket no. 17) and is approved as to form and substance.[3]

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; hernandez.def

---

[2] Plaintiff has indicated an intention to seek reasonable attorney fees and costs by separate motion.

[3] The court notes that the proposed default judgment was prepared for signature by the Honorable Peter A. Nowinski, who has since retired.  Counsel for plaintiff shall submit a proposed default judgment form for the review and signature of the Honorable Garland E. Burrell by sending it in word processing format to "geborders@caed.uscourts.gov."