IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORIA HERNANDEZ,
         Plaintiff,

v.

STEVE MARTINEZ,
         Defendant.

2:04-cv-1747-GEB-EFB

ORDER*

Plaintiff seeks $11,000 in attorney fees and $795 in costs. (Stewart Decl. ¶¶ 2-3.) Defendant did not file an opposition to this motion. L.R. 78-230(c).

BACKGROUND

Plaintiff filed this lawsuit alleging architectural barriers present on Defendant's property constituted a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Defendant failed to file a responsive pleading. On February 14, 2005, Plaintiff filed a Proposed Default Judgment. (Default J. at 1.) On

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

October 3, 2006, Default Judgment was entered against Defendant, which included an injunction requiring Defendant to make nine modifications to Defendant's property, awarded Plaintiff $4,000.00 in compensatory damages, and entitled Plaintiff to reasonable attorney fees and costs. (Default J. at 2-3.)

DISCUSSION

The prevailing party in an ADA action may recover "reasonable attorney's fees, including litigation expenses, and costs." 42 U.S.C. § 12205 (2006). To determine reasonable attorney fees, courts in this circuit use the lodestar method and multiply "a reasonable hourly rate by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998).

Plaintiff requests an hourly rate of $250, declaring this rate is reasonable in light of his experience. (Pl.'s Mem. of P. & A. at 5.) Since $250 per hour is a reasonable rate in this district, Plaintiff's request is granted. See e.g. White v. GMRI, Inc., 2006 U.S. Dist. LEXIS 2059 (E.D. Cal. Jan. 20, 2006); Pickern v. Marino's Pizza & Italian Rest., 2003 U.S. Dist. LEXIS 26950 (E.D. Cal. April 9, 2003).

Plaintiff requests fees for 44 hours. (Pl.'s Mem. of P. & A. at 4.) Although the majority of the listed tasks are reasonable, Plaintiff's counsel also lists a number of tasks that are secretarial in nature. (Id.) Time spent calendaring dates and filing and serving documents are included in an attorney's hourly rate and should not be billed at an attorney's rate regardless of who performs the task. See Loskot v. USA Gas Corp., 2004 U.S. Dist. LEXIS 29174, at *13 (E.D. Cal. April 26, 2004) (stating "secretary time for tasks including

2

creating files, sending faxes, making copies, and calendaring dates, is an overhead expense that goes to an attorney's hourly rate and should not be billed to a client separately"); see also Doran v. Corte Madera Inn Best Western, 360 F. Supp. 2d 1057, 1062 (N.D. Cal. 2005) ("Typing and various clerical tasks should be included in attorney billing as overhead to run the office, not recoverable in a motion for attorney fees."). "[The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it." Missouri v. Jenkins, 491 U.S. 274, 288 (1989). Accordingly, Plaintiff cannot recover for the tasks involving calendaring dates, serving papers, and filing documents, all of which can be performed by a secretary.

The invoice Plaintiff submitted lists a series of tasks performed for Plaintiff's case with the total amount of time spent on the case each day, along with the hourly rate charged. (Pl.'s Invoice.) This use of block billing is a factor that leads to a reduction of the number of hours found reasonable in this case. See Navarro v. General Nutrition Corp., 2005 U.S. Dist. LEXIS 39726, at *35-36 (N.D. Cal. Sept. 22, 2005) (stating "courts frow[n] on block billing where discrete and unrelated tasks are lumped into one entry, as the practice can make it impossible . . . to determine the reasonableness of the hours spent on each task" (internal quotations omitted)). "The form of [P]laintiff's submission has made it very difficult and time consuming for the court to determine hours reasonably expended. Where documentation is lacking in detail, the court may either request additional documentation or reduce the fee to a reasonable amount." White v. J.A. Sutherland, Inc., 2005 U.S. Dist. LEXIS 40713, at *11 (E.D. Cal. May 9, 2005) (citing Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1121 (9th Cir. 2000)). Rather than

1  analyze each individual entry on the invoice to determine how much
2  time counsel expended on secretarial tasks, the stated hours will be
3  reduced by 3.5 hours and Plaintiff can recover fees for 40.5 hours.
4                              <u>CONCLUSION</u>
5        Therefore, Plaintiff is awarded a total of $10,125 in
6  attorney fees.  In addition, Plaintiff recovers $795 in litigation
7  costs for a total of $10,920.
8        IT IS SO ORDERED.
9  Dated: November 6, 2006

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge